**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BERTA DE JESUS AMAYA-DIAZ;
NUBIA LISSETTE AMAYA-DIAZ,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71640

Agency Nos.    A099-523-564
               A099-523-565

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Berta de Jesus Amaya-Diaz and Nubia Lissette Amaya-Diaz, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that petitioners failed to demonstrate that the gang members harmed them and tried to recruit them on account of a political opinion. *See Barrios v. Holder*, 581 F.3d 849, 855-56 (9th Cir. 2009); *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009). We lack jurisdiction to consider petitioners' contention that they are members of a particular social group of young women who refuse to live under the threat of sexual violence or young girls who are vehemently opposed to gang recruitment, extortion, and female sexual coercion because they did not raise these distinct social group claims to the IJ or BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Petitioners do not challenge in their opening brief the BIA's conclusion that young women who have been abandoned and receive monthly income are not a particular social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Accordingly, petitioners' asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Finally, substantial evidence also supports the BIA's denial of CAT relief because petitioners failed to establish that it is more likely than not they will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**